UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY BYRD, TORRENCE COX and BRANDON FOSTER | ) ) ) ) Case No. |
| Plaintiffs, | ) ) Judge |
| v. | ) ) Magistrate Judge |
| DETECTIVE DAVID NEDVED, DETECTIVE ANTHONY DELGADILLO; CITY OF BLUE ISLAND; and SOUTH SUBURBAN MAJOR CRIMES TASK FORCE | ) ) ) ) Trial By Jury Demanded ) ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COME Plaintiffs Larry Byrd, Torrence Cox and Brandon Foster, by and through their attorney, David S. Lipschultz, and in support of their Complaint at Law against the Defendants, Detective David Nedved, Detective Anthony Delgadillo, City of Blue Island, and South Suburban Major Crimes Task Force, state as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution, 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiffs, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1331 and §1343, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

## PARTIES

4. Plaintiff, Mr. Larry Byrd ("Mr. Byrd"), is a resident of County of Cook, State of Illinois.

5. Plaintiff, Mr. Torrence Cox ("Mr. Cox") is a resident of County of Cook, State of Illinois.

6. Plaintiff, Mr. Brandon Foster ("Mr. Foster"), is a resident of County of Cook, State of Illinois.

7. At all relevant times herein referenced, Defendant Detective David Nedved ("Detective Nedved"), was employed by the City of Blue Island and the South Suburban Major Crimes Task Force as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Detective Nedved was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

8. At all relevant times herein referenced, Defendant Detective Anthony Delgadillo ("Detective Delgadillo"), was employed by the City of Blue Island and the South Suburban Major Crimes Task Force as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Detective Delgadillo was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

9. At all relevant times herein referenced, Defendant, City of Blue Island, is a governmental entity formed pursuant to the laws of the State of Illinois. Detective Nedved, Detective Delgadillo and other City of Blue Island police officers were employed by City of

Blue Island as sworn police officers, and at the time of the incident at issue they were acting within the scope of their employment for City of Blue Island and under color of law.

10. At all relevant times herein referenced, Defendant, South Suburban Major Crimes Task Force, is a governmental entity formed pursuant to the laws of the State of Illinois. Detective Nedved, Detective Delgadillo and other police officers involved in this incident were employed by South Suburban Major Crimes Task Force as sworn police officers, and at the time of the incident at issue they were acting within the scope of their employment for South Suburban Major Crimes Task Force and under color of law.

ALLEGATIONS

11. On August 23, 2015, Cordell Sampson was shot and killed outside a club in Blue Island, Illinois.

12. On the same date, in response to this killing, the City of Blue Island police department requested the assistance of the South Suburban Major Crimes Task Force in the investigation of the murder of Mr. Sampson.

13. Detective Nedved, Detective Delgadillo, other City of Blue Island police officers and South Suburban Major Crimes Task Force police officers ("Defendant Officers") investigated the murder of Mr. Sampson for four years.

14. During the course of the investigation, Defendant Officers took steps to falsely implicate the Plaintiffs in the murder.

15. Defendant Officers knowingly, intentionally and falsely implicated Plaintiffs as being involved in the murder — despite the lack of physical evidence, eyewitness evidence and evidence of any kind implicating Plaintiffs as being responsible for the murder.

16. Defendant Officers, after examining the crime scene, watching surveillance videos, interviewing witnesses and examining evidence, purposefully misrepresented facts to implicate Plaintiffs in the murder of Mr. Sampson. They also ignored exculpatory evidence that exonerated Plaintiffs.

17. Despite the lack of evidence that Plaintiffs had any responsibility for the murder, Defendant Officers wrote false and misleading reports, and gave false and misleading information to the Cook County State's Attorney's Office about the strength of the evidence against Plaintiffs in order to initiate criminal charges against them.

18. Defendant Officers took these actions knowing there was no probable cause to bring the criminal charges against Plaintiffs.

19. Defendant Officers caused the arrest of the Plaintiffs in February 2019.

20. On February 23, 2019, Detective Delgadillo signed felony complaints charging the Plaintiffs with first degree murder. The other Defendant Officers acted with Detective Delgadillo in developing the information presented in the felony complaint.

21. On March 19, 2019, Detective Nedved presented information to a Special Grand Jury of Cook County in support of a True Bill of Indictment against Plaintiffs for the murder of Mr. Sampson. The other Defendant Officers acted with Detective Nedved in developing the information presented to the Grand Jury. Based on this information the Grand Jury issued a True Bill against Plaintiffs on the same date.

22. On March 27, 2024, <u>five years</u> after their indictment, Plaintiffs were exonerated for the 2015 murder of Cordell Sampson when the Cook County State's Attorney's Office moved to *nolle prosequi* all charges against Plaintiffs.

23. As a result of the conduct of the Defendant Officers, Plaintiffs suffered violations of their constitutional rights, loss of liberty, emotional injuries, economic losses, and other losses and expenses.

## COUNT I
## 42 U.S.C. §1983 FOURTH AMENDMENT CLAIM
## AGAINST DETECTIVE NEDVED & DETECTIVE DELGADILLO

24. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 23.

25. Detective Nedved and Detective Delgadillo, knowing that probable cause did not exists, acted individually, jointly and/or in a conspiracy to cause Plaintiffs to be arrested, detained, charged and prosecuted for first degree murder and other serious crimes and, knowing the arrest and prosecution lacked probable cause, failed to intervene to prevent Plaintiffs' arrest and prosecution.

26. In so doing, Detective Nedved and Detective Delgadillo violated the Plaintiffs' rights to be free from unreasonable seizure guaranteed to them by the Fourth Amendment of the United States Constitution.

WHEREFORE, Plaintiffs Larry Byrd, Torrence Cox and Brandon Foster pray for judgment against Detective David Nedved and Detective Anthony Delgadillo for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

# COUNT II
## STATE LAW MALICIOUS PROSECUTION CLAIM
## AGAINST CITY OF BLUE ISLAND &
## SOUTH SUBURBAN MAJOR CRIMES TASK FORCE

27. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 23.

28. Defendant Officers commenced and/or continued the criminal prosecution against Plaintiffs for first degree murder and other criminal charges.

29. Defendant Officers commenced and/or continued the criminal prosecution without probable cause or without a good faith basis.

30. Defendant Officers commenced and/or continued the criminal prosecution with malice.

31. On March 27, 2024, all charges against Plaintiffs were terminated in a manner favorable to Plaintiffs when the State's Attorney's Office moved to *nolle prosequi* all charges against the Plaintiffs.

WHEREFORE, Plaintiffs Larry Byrd, Torrence Cox and Brandon Foster pray for judgment against City of Blue Island and South Suburban Major Crimes Task Force for compensatory damages, punitive damages, the costs of this action, and such other and additional relief as this Court deems equitable and just.

## COUNT III
## STATE LAW WILLFUL WANTON CLAIM
## AGAINST CITY OF BLUE ISLAND &
## SOUTH SUBURBAN MAJOR CRIMES TASK FORCE

32. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 23.

33. Defendant Officers' conduct in harming Plaintiffs was willful and wanton. Defendant Officers' course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the rights of Plaintiffs.

WHEREFORE, Plaintiffs Larry Byrd, Torrence Cox and Brandon Foster pray for judgment against City of Blue Island and South Suburban Major Crimes Task Force for compensatory damages, punitive damages, the costs of this action, and such other and additional relief as this Court deems equitable and just.

## COUNT IV
## STATE LAW CLAIM OF INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102
## AGAINST CITY OF BLUE ISLAND &
## SOUTH SUBURBAN MAJOR CRIMES TASK FORCE

34. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 23 and paragraphs 27 through 33.

35. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities (745 ILCS 10/9-102).

36. At all times relevant to this incident, Defendant Officers were employees of City of Blue Island and South Suburban Major Crimes Task Force, and they acted within the scope of their employment in committing the acts and omissions described herein.

WHEREFORE, Plaintiffs pray that should this Court enter judgment in their favor and against Defendant Officers, City of Blue Island and South Suburban Major Crimes Task Force will be ordered to pay Plaintiffs any judgment for compensatory damages obtained against Defendant Officers.

<u>COUNT V</u>
<u>STATE LAW CLAIM OF *RESPONDEAT SUPERIOR*</u>
<u>AGAINST CITY OF BLUE ISLAND &</u>
<u>SOUTH SUBURBAN MAJOR CRIMES TASK FORCE</u>

37. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 23 and paragraphs 27 through 33.

38. The state law violations claimed herein were committed by Defendant Officers in the scope of their employment with City of Blue Island and South Suburban Major Crimes Task Force.

39. As principals and employers, City of Blue Island and South Suburban Major Crimes Task Force are liable for their agents' actions pursuant to the doctrine of *respondeat superior* concerning the state law claims at issue in this action.

WHEREFORE, Plaintiffs pray that should this Court enter judgment in their favor and against Defendant Officers, City of Blue Island and South Suburban Major Crimes Task Force will be ordered to pay Plaintiffs any judgment for compensatory damages obtained against Defendant Officers.

<u>JURY DEMAND</u>

Plaintiffs pray for trial by jury.

Respectfully submitted,

LARRY BYRD,
TORRENCE COX and
BRANDON FOSTER


<u>/s/ David S. Lipschultz</u>
David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com